# 96 DTA 99

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN, PANEL IV**

EX PARTE SEGUNDO CARDONA COLON
Recurrido

v.

MARGARITA ALVAREZ KUINLAM
Peticionaria

Núm. KLCE-96-00270

San Juan, Puerto Rico, a 24 de abril de 1996

Panel integrado por su presidenta, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Broco Oliveras, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Se presentó ante la Secretaría de este Tribunal el día 29 de marzo de 1996 el recurso de *certiorari* de epígrafe. En dicha solicitud de *certiorari* la peticionaria nos solicita que revoquemos la orden dictada por el tribunal de instancia, Sala Superior de San Juan, el día 1ro. de marzo de 1996, orden

que se notificó y archivó en autos el día 11 de marzo de 1996. En dicha orden el tribunal denegó una moción presentada por la peticionaria en la que alegaba que dicho foro había perdido jurisdicción sobre su persona y la de su hija.

En este recurso la controversia no va dirigida a determinar la custodia de la menor ni a modificarla, sino que se impugna la jurisdicción del Tribunal de Primera Instancia, Sala de San Juan, para emitir una orden dirigida a hacer cumplir la Resolución que previamente dictara regulando las relaciones paterno-filiales. Denegamos la expedición del recurso, por entender que el tribunal actuó correctamente al declararse con jurisdicción.

## I

El Sr. Segundo Cardona Colón y la Sra. Margarita Alvarez Kuinlam procrearon durante su matrimonio a la menor Cristina María Cardona Alvarez. En el año 1990, residiendo ambos en Puerto Rico, presentaron ante el tribunal de instancia una solicitud de divorcio por la causal de consentimiento mutuo.

La madre, quien obtuvo la custodia de la menor en la sentencia de divorcio, trasladó su domicilio al estado de Florida y lo notificó al tribunal de instancia y al recurrido quien es el padre de la menor. El día 28 de febrero de 1995 las partes llegaron a unos acuerdos en relación con las relaciones paterno-filiales, las anunciaron al tribunal y éste las aprobó. Dicha Resolución fue enmendada el día 4 de mayo de 1995. Con posterioridad a dicha Resolución Enmendada ocurrieron varios incidentes conflictivos entre las partes en cuanto a la forma y modo en que la menor se trasladaría de Florida a Puerto Rico. Estos incidentes ocasionaron que el recurrido radicara ante el tribunal de instancia varias mociones con el objetivo de poderse relacionar con su hija.

El día 11 de diciembre de 1995 el recurrido solicitó al tribunal de instancia que ordenara a la peticionaria que llevara a la menor al aeropuerto de Orlando, Florida y la entregara a las azafatas de la línea aerea y recogiera a la menor a su regreso en el aeropuerto. En su solicitud indicó el itinerario de vuelo. A dicha moción la peticionaria respondió con una Moción Sobre Pérdida de la Jurisdicción sobre la Persona y Traslado. El 1ro. de marzo de 1996 el tribunal de instancia determinó que no declinaba ejercer su jurisdicción y que las partes debían darle cumplimiento a las órdenes sobre relaciones paterno-filiales. Es de esta Resolución que se recurre.

Ante nos la peticionaria plantea que el tribunal de instancia erró al declararse con jurisdicción ya que su domicilio junto al de su hija y esposo es en Orlando, Florida desde hace unos veinte (20) meses, por lo que alega que dicho foro es el más conveniente para velar por el bienestar de la menor. La peticionaria basa su argumento en la sección 1738(A)(b)(4) del *"Parental Kidnapping Prevention Act"* (P.K.P.A.).

## II

En asuntos de familia se ha adoptado en Puerto Rico la norma más abarcadora posible sobre el aspecto jurisdiccional, debido a la importancia de velar por el bienestar de los menores que están sujetos a nuestra jurisdicción. Dicha regla permite que los tribunales de Puerto Rico tengan jurisdicción para entender en casos de custodia en cualesquiera de las siguientes situaciones: (1) cuando se posee jurisdicción *in personam* sobre todas las partes o aun sobre una sola de éstas; (2) cuando el menor está domiciliado en Puerto Rico; (3) cuando éste está físicamente presente o tiene su residencia habitual en Puerto Rico; o (4) cuando es ciudadano o nacional de Puerto Rico. *Marrero Reyes v. García Ramírez,* 105 D.P.R. 90, 99 (1976); *Sterzinger v. Ramírez,* 116 D.P.R. 762, 790 (1985). Además, bajo el *"Parental Kidnapping Prevention Act",* 28 U.S.C.A. sec. 1738A(c)(2)(A)(i), el estado con jurisdicción para hacer la determinación de custodia y asuntos relacionados al bienestar de un menor, es el estado de residencia de éste al inicio del litigio. *Ortega v. Morales Ortega,* 132 D.P.R. ___ (1992), **92 J.T.S. 135.** El inciso (b)(4) de la citada sección establece que de tratarse de un niño menor de seis (6) meses el estado residencia será aquél donde haya residido junto a uno de sus padres.

El foro que haga la determinación de custodia no puede, bajo ninguna circunstancia ser aquél que *convenga más a los padres o a uno de éstos, sino el que mejor sirva a los intereses del menor. "Tomando esto en consideración es que en el P.K.P.A. se le da preferencia al estado residencia del*

*menor, porque se entiende que éste es el que puede determinar mejor lo que es más beneficioso para el niño."* Ortega v. Morales Ortega, 132 D.P.R. ___ (1992), **92 J.T.S. 135.** La razón para darle preferencia al estado residencia del menor es que es en dicho estado donde su vida se ha desenvuelto, por lo que se entiende que es ahí donde con mayor probabilidad está disponible la evidencia que se requiere para hacer una adecuada determinación de custodia. *Id.*

En el caso ante nuestra consideración no se cuestiona la facultad del tribunal de instancia para determinar o modificar la custodia de la menor, la cual fue válidamente adjudicada. Se trata de hacer valer la determinación del tribunal de instancia. El conflicto existente es sobre la forma y manera en que se ha de cumplir con la Resolución dictada por el tribunal regulando las relaciones paterno-filiales.

Cuando un tribunal con jurisdicción dicta una orden válida, otro estado debe darle entera fe y crédito. Precisamente para evitar el seleccionar foros (forum shopping) en asuntos de custodia es que se creó el P.K.P.A. Al amparo de dicha ley, un decreto judicial sobre custodia de un menor solamente es compatible con el estatuto si dicho foro tiene jurisdicción bajo sus leyes y si concurren cualquiera de las circunstancias descritas en los incisos A-E de la sección 1738A. Se provee que la jurisdicción del tribunal del estado que haga la determinación de custodia, a tono con las disposiciones de la ley, continuará mientras subsistan las circunstancias apuntadas. *"Se reconoce que un tribunal tiene autoridad para modificar una determinación de custodia decretada por otro tribunal si: tiene jurisdicción y el otro tribunal no la posee o ha declinado ejercitarla. A contrario sensu un tribunal no debe ejercitarla si está pendiente una determinación análoga en un tribunal de otro estado que ha intervenido, ajustándose y de manera compatible con la norma jurisdicciónal del estatuto."*

*Perron v. Corretjer,* 113 D.P.R. 593, 603 (1982).

Nada en el expediente nos indica que exista un procedimiento instado ante los tribunales de Florida ni que sea más beneficioso para la menor que sea dicho foro quien entienda en la solicitud presentada ante el tribunal de instancia en Puerto Rico. Si se trata de poner en vigor una orden válidamente dictada que no ha sido modificada por otro estado, el primer estado mantiene jurisdicción. ■ El criterio de los mejores intereses del menor se tomará en consideración cuando se determina que ningún otro estado podría asumir jurisdicción a la luz de la sección 1738A(b)(4), o que el otro estado haya declinado asumir jurisdicción, o exista una situación de abandono o emergencia. *Ortega v. Morales Ortega,* 132 D.P.R. ___ (1992), **92 J.T.S. 135.** Cuando se trata de hacer cumplir una orden judicial de otro estado, la función judicial va dirigida a determinar si la orden de custodia fue válidamente dictada, por lo que no se activa el criterio de los mejores intereses del menor.

## III
Por los fundamentos antes expuestos, se deniega la expedición del recurso solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

### ESCOLIOS 96 DTA 99

**1.** Moción Informativa en la que indica que el día 11 de julio de 1994 se trasladarán la peticionaria, su esposo y su hija al Estado de Florida e informa la dirección a la que se trasladarán. Anejo II del Apéndice.

**2.** Moción Solicitando Permiso para Relacionarse con la menor Durante el Receso de Acción de Gracias, Anejo IV del Apéndice; Moción Solicitando Nueva Orden de Relaciones Paterno Filiales, Anejo VII del Apéndice.

**3.** Anejo VII del Apéndice.

**4.** *Perron v. Corretjer,* 113 D.P.R. 593, 603 (1982). Por su valor persuasivo sobre la interpretación del P.K.P.A. en este aspecto, véase *Marquis v. Marquis,* 837 P 2d 25 (1992).